**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| IRA B. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-cv-00195-RHH |
| ROBERT D. BLITZ, et al., | ) ) ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion of plaintiff Ira B. Harris for leave to commence this civil action without prepayment of the required filing fee. (Docket No. 3). Having reviewed the motion and the financial information submitted in support, the Court has determined that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $44.59. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss plaintiff's complaint without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly

payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id*.

In support of his motion for leave to proceed in forma pauperis, plaintiff has submitted a copy of his inmate account statement. (Docket No. 4). The account statement shows an average monthly deposit of $222.94. The Court will therefore assess an initial partial filing fee of $44.59, which is 20 percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should

2

construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a pro se complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff is a self-represented litigant who is currently incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri. He brings this civil action pursuant to 42 U.S.C. § 1983, naming Robert D. Blitz, Kelly Farrell, and Stephen Hoeplinger as defendants. (Docket No. 1 at 2-3, 7). All are alleged to be attorneys at the law firm of Blitz, Bardgett & Deutsch, and are sued in their official and individual capacities. (Docket No. 1 at 6-7). The allegations in the complaint concern plaintiff's assertion that defendants failed to properly represent him in a prior prisoner civil rights action brought before the United States District Court for the Eastern District of Missouri.

In Count I of the "Facts" section of his complaint, plaintiff states that he previously "filed a complaint against multiple defendants employed by the Missouri Department of Corrections

[and] Corizon Medical Services" in *Ira B. Harris v. Ian Wallace*, No. 1:15-cv-140-SNLJ.[1] (Docket No. 1 at 8). "After one failed appointment by this court," plaintiff states that he was appointed a pro bono attorney from Blitz, Bardgett & Deutsch. He explains that the firm assigned "multiple associates to work [his] case," but eventually "appointed defendant" Hoeplinger. According to plaintiff, Hoeplinger told him "that he would be working directly with Robert D. Blitz and Kelley Farrell, and that any major decisions taking place in [his] case would be shared with each defendant."

During "this representation," plaintiff alleges that defendants, through Hoeplinger, violated his "rights by breaching their duties and" failing "to act in a reasonable manner" during "the settlement phase of the case." (Docket No. 1 at 9). He accuses defendants of failing to "provide [him] a fair opportunity to participate," and failing to involve him "in the mediating process as requested and promised."

More particularly, plaintiff asserts that on March 12, 2020, he was contacted by Hoeplinger "and informed that" Corizon and the Missouri Department of Corrections "had agreed to" a settlement worth $25,000. He informed Hoeplinger that he "felt [he] deserved a greater settlement due to [his] suffering." Plaintiff insists that Hoeplinger agreed, and that Hoeplinger told plaintiff that "he could arrange a" $60,000 settlement if plaintiff "would agree to accept it." Hoeplinger also told plaintiff he would need "to make up [his] mind to accept said arrangement immediately," and that he would arrange to call him the following day, on March 13, 2020. (Docket No. 1 at 9-

---

[1] The actual case citation is *Harris v. Kempker, et al.*, No. 1:15-cv-140-SNLJ (E.D. Mo. July 31, 2015). This prior action is a 42 U.S.C. §1983 case against numerous correctional and medical officials employed by the Missouri Department of Corrections and Corizon. On March 7, 2017, the district court appointed pro bono counsel. After the initial law firm withdrew, defendant Robert D. Blitz was appointed on April 18, 2017. On March 13, 2020, the district court granted defendants' motions for summary judgment and partial summary judgment, and directed briefing regarding the viability of the remaining claims. Ultimately, the remaining counts were dismissed pursuant to stipulation. The district court granted plaintiff's counsel leave to withdraw, and plaintiff filed a notice of appeal pro se. On September 29, 2021, the United States Court of Appeals for the Eighth Circuit affirmed the judgment. *Harris v. Kempker, et al.*, No. 21-1546 (8th Cir. 2021).

10). Time was of the essence because the district court would be deciding a motion for summary judgment on March 13. (Docket No. 1 at 10).

Plaintiff states that Hoeplinger arranged a five-point settlement, which included payment of $60,000. He claims that he agreed to these terms, and that he would call Hoeplinger on the morning of March 13, 2020, "before the decision in the summary judgment." (Docket No. 1 at 11). However, when plaintiff spoke with Hoeplinger on March 13, he was advised that the settlement had been lost; that Hoeplinger had been unable to reach plaintiff at the prison during the settlement discussion; and that the summary judgment decision had been issued.

As a result of these occurrences, plaintiff states that Hoeplinger "completely neglected to allow [his] participation and negligently disallowed [his] input." He also alleges that Hoeplinger knew he "would have accepted the $20,000.00 agreement at least."

Based on this failure to reach a settlement, plaintiff asserts that Hoeplinger and the other defendants "did not possess the knowledge or skill and care owed" to him. (Docket No. 1 at 11-12). He further states that were it not for defendants' purported negligence, he would have successfully obtained the $60,000 settlement, or at the very least, the $25,000 which had originally been offered.

With regard to Count II, plaintiff contends that defendants "breached their duty to protect" his right to a guardian ad litem. (Docket No. 1 at 12-13). According to plaintiff, this amounted to a violation of his rights under the Eighth and Fourteenth Amendments. (Docket No. 1 at 13).

In particular, plaintiff notes that during the "settlement phase," he "was suffering complications" from the medication Geodon. He states that he takes Geodon for his mental health, specifically schizophrenia and schizoaffective disorder.

5

On March 3, 2020, plaintiff was transferred from the Southeast Correctional Center. During the transfer, he was housed in administrative segregation due to a protective custody assessment. While in administrative segregation, plaintiff asserts that he was not given his prescribed Geodon, and suffered a "mental breakdown." This breakdown caused a regression in which plaintiff lost touch with reality and was unable "to appreciate his position in the case." (Docket No. 1 at 13-14).

Due to plaintiff's condition, and his need for treatment, plaintiff believes that defendants had a duty to request an order from the district court appointing him a guardian ad litem. (Docket No. 1 at 14). That is, he argues that he should not have been participating in the settlement process without assistance, and that defendants were aware he needed such assistance.

As to Count III, plaintiff alleges that defendants negligently abandoned his case on appeal after "losing [the] settlement agreement and case." (Docket No. 1 at 15). By way of explanation, he asserts that after the summary judgment, he "advised defendants that he wanted to appeal the [court's] decision and that he would need counsel" because "he was incapable of processing said appeal due to its complexities." Plaintiff claims that defendants "ignored [his] request by paying the court filing fee and failing to submit…that plaintiff was indigent…and requested [in] forma pauperis status." (Docket No. 1 at 15-16). This left him unable to defend himself as he was "completely oblivious to the complexities of" the case, and also dealing with a diagnosis of schizophrenia and schizoaffective disorder. (Docket No. 1 at 16).

Concerning relief, plaintiff seeks $60,000 in damages on each of his three counts. (Docket No. 1 at 12, 15-16).

**Discussion**

Plaintiff is a self-represented litigant who brings this action pursuant to 42 U.S.C. § 1983, claiming that three attorneys appointed to represent him in a prior civil case violated his

6

constitutional rights. Because he is proceeding in forma pauperis, the Court has reviewed his complaint under 28 U.S.C. § 1915. Based on that review, and for the reasons discussed below, the Court will dismiss this action without prejudice.

### A. Defendants Not Acting Under Color of State Law

In any claim under 42 U.S.C. § 1983, "the initial inquiry must focus on whether the two essential elements to a § 1983 action are present." *Dubose v. Kelly*, 187 F.3d 999, 1002 (8th Cir. 1999). Those "essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020). Thus, in order to state a § 1983 claim, "a plaintiff must allege sufficient facts to show" the existence of both elements. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010).

Under 42 U.S.C. § 1983, it is well established that a defense attorney, whether appointed or retained, does not act under color of state law, and therefore cannot be liable for the deprivation of a person's constitutional rights. *See Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (stating that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992) (stating that attorneys who represented plaintiff, "whether appointed or retained, did not act under color of state law and, thus, are not subject to suit under section 1983"); and *Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988) ("Public defenders do not act under color of state law for purposes of 42 U.S.C. § 1983 when performing the traditional functions of defense counsel"). The same reasoning applies to an attorney appointed to represent a plaintiff in a civil case. *See Chambers v. Kaplan*, 648 F.2d 1193, 1194 (8th Cir. 1981) (determining that a private attorney who had been appointed by a federal district court to represent inmates against the

7

Arkansas Department of Corrections was not acting under color of state law for purposes of § 1983).

Here, plaintiff seeks to hold three private attorneys appointed to represent him in a prior civil action liable for the violation of his constitutional rights. However, as discussed above, an attorney does not act "under color of state law" for purposes of 42 U.S.C. § 1983 when performing the traditional functions of counsel. Furthermore, plaintiff alleges that his attorneys were appointed by a federal court, not a state court. "Section 1983 creates a remedy to redress a deprivation of a federally protected right by a person acting under color of state law, but is inapplicable to persons acting under color of federal law." *Haley v. Walker*, 751 F.2d 284, 285 (8th Cir. 1984) (determining that an attorney appointed by federal court to represent plaintiff in two § 1983 actions could not himself be sued in an action brought under § 1983). To the extent that this can be construed as a *Bivens*[2] claim, the Court notes that "attorneys are not transformed into federal officials for purposes of a *Bivens* action merely because they are appointed by a federal court pursuant to federal law." *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990). *See also Haley*, 751 F.2d at 285 (explaining that "an attorney appointed by a federal court is not a federal officer for purposes of a *Bivens*-type action").

The Court observes that although "the conduct of counsel generally does not constitute action under color of law," a private citizen who acts "in concert with state officials may be liable under Section 1983." *See DuBose*, 187 F.3d at 1003 (reversing summary judgment in favor of defendant attorneys, and determining that plaintiff had presented evidence "that there was a mutual understanding among" the judge and the attorneys "to fix the trial"). *See also Deck v. Leftridge*, 771 F.2d 1168, 1170 (8th Cir. 1985) ("Allegations that a public defender has conspired with judges

---

[2] *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

to deprive an inmate of federally protected rights may state a claim under § 1983"); *Smith v. Bacon*, 699 F.2d 434, 436 (8th Cir. 1983) (explaining that district court's holding that public defenders never act under color of state law is erroneous, because if "a conspiracy is adequately pleaded, the court appointed attorneys may be regarded as acting under color of law"); and *Hamilton v. Wold Johnson Law Firm*, 34 Fed. Appx. 508, 509 (8th Cir. 2002) (explaining that plaintiff could not file a 42 U.S.C. § 1983 claim against an appointed attorney unless that attorney had conspired with state actors).

In this case, plaintiff has not alleged any facts to suggest that defendants acted in concert with state or federal officials. Quite to the contrary, his allegations encompass claims of negligence and legal malpractice in the handling of plaintiff's prior civil case, resulting in the adverse granting of summary judgment.

Because plaintiff has not adequately alleged that defendants acted under color of state law, this civil action lacks an essential element of a 42 U.S.C. § 1983 claim. Therefore, plaintiff has failed to state a claim, and this case must be dismissed.

B. **Motion for Appointment of Counsel and for Appointment of Guardian ad Litem**

Plaintiff has filed a motion for appointment of counsel (Docket No. 2) and for appointment of a guardian ad litem (Docket No. 5). Both motions will be denied as moot as this case is being dismissed without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $44.59 within twenty-one (21) days of the date of this order. Plaintiff is instructed to make his remittance

9

payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel (Docket No. 2) and for appointment of guardian ad litem (Docket No. 5) are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this order of dismissal would not be taken in good faith.

Dated this 22nd day of February, 2023.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE